**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Blaisdell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Rodrigues, et al.,<br><br>　　　　Defendants. | No. CV 08-0779-PHX-JAT (ECV)<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for appointment of counsel. As a preliminary matter, this Court finds the motion to be timely. Next, the Court will consider the merits of the request.

> The district court may appoint pro bono counsel for an indigent *pro se* litigant in a civil [case] pursuant to 28 U.S.C. § 1915(e)(1) in cases presenting exceptional circumstances. *See United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981). "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir.1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court,* 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir.1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991); *Burns v. County of King,* 883 F.2d 819, 823 (9th Cir.1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.' " *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)).

*Rayford v. Giurbino*, 2008 WL 4997607 (S.D. Cal. 2008).

| | |
|---|---|
| 1 | First, the Court must consider Plaintiff's likelihood of success on the merits. The |
| 2 | Court has found that some of Plaintiff's claims have sufficient merit to survive summary |
| 3 | judgment. However, as Defendants note, surviving summary judgment does not mean |
| 4 | Plaintiff will prevail on the merits. Nonetheless, surviving summary judgment indicates that |
| 5 | Plaintiff's claims have more merit that many prisoner civil rights cases that come before the |
| 6 | Court. Thus, the Court finds that at this stage of the litigation, Plaintiff has some likelihood |
| 7 | of success on the claims proceeding to trial. |
| 8 | Second, the Court must consider the complexity of the legal issues involved and |
| 9 | Plaintiff's ability to articulate his claims pro se. Plaintiff argues a variety of reasons he |
| 10 | should be appointed counsel. Doc. #64. In certain circumstances, a variety of complexities |
| 11 | can necessitate the appointment of counsel. *See Agyeman v. Corrections Corporation of* |
| 12 | *America*, 390 F.3d 1101, 1103-04 (9th Cir. 2004). Here, many of Plaintiff's facts supporting |
| 13 | the need for counsel, for example that the case has more than one issue or that the prison |
| 14 | library has limitations, are not unlike the situation facing all inmates. Thus, these facts are |
| 15 | not "exceptional." |
| 16 | Plaintiff also points out that this will be a jury trial and that he does not know how to |
| 17 | conduct a jury trial. The Court agrees that trial does present additional complexities beyond |
| 18 | discovery and motion practice. Nonetheless, from the Court's experience with Plaintiff in |
| 19 | both Plaintiff's written filings and in his last trial which he conducted pro se, the Court |
| 20 | knows Plaintiff is quite capable of articulating his claims pro se. |
| 21 | Thus, the Court must decide whether the trial complexities that will be present in this |
| 22 | case are exceptional; such that they warrant the Court attempting to locate pro bono counsel. |
| 23 | While this is a close call, the Court finds that the trial complexities are sufficiently |
| 24 | "exceptional" to justify the appointment of counsel. Specifically, Plaintiff survived summary |
| 25 | judgment in part based on an affidavit from a witness on his behalf. Subpoenaing inmate |
| 26 | witnesses other than Plaintiff for trial, coupled with other trial complexities are sufficiently |
| 27 | "extraordinary" to justify the Court attempting to locate pro bono counsel to take Plaintiff's |
| 28 | case. However, if the Court is unable to locate counsel to take Plaintiff's case pro bono, |

Plaintiff will be required to proceed pro se, as the Court will not appoint counsel at the government's expense. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding there is no right to appointment of counsel at government expense in a civil rights litigation).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (Doc. #64) is granted. The Court will issue a further order as soon as the Court is able to ascertain whether pro bono counsel is available. This Order does not stay the deadlines set in the Order of March 11, 2010; thus, the parties must proceed assuming the Court will be unable to locate counsel.

DATED this 19th day of March, 2010.

James A. Teilborg
United States District Judge